*United States v. Buckley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-six.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 25-266

RYAN BUCKLEY,

> *Defendant-Appellant.*

_____

FOR APPELLEE:                                    Zachary B. Stendig, Michelle M.
                                                 Arra, Eugenia A. P. Cowles,

Assistant United States Attorneys, *for* Michael P. Drescher, Acting United States Attorney for the District of Vermont, Burlington, VT.

FOR DEFENDANT-APPELLANT: Michael J. Straub, Law Offices of Michael J. Straub, Esq., Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 21, 2025, is **AFFIRMED**.

Defendant-Appellant Ryan Buckley pled guilty to being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1). The district court sentenced Buckley principally to 46 months' imprisonment to be served concurrently with any state sentences from his pending state charges. On appeal, Buckley challenges the constitutionality of 18 U.S.C. § 922(g)(1).[1] We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

---

[1] Pursuant to Federal Rule of Criminal Procedure 11(a)(2), Buckley's plea agreement preserved his right to appeal the denial of his motion to dismiss the indictment on this basis.

Buckley argues that the court erred in denying his motion to dismiss the indictment on the ground that § 922(g)(1) is unconstitutional both facially and as applied to him under the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). We review both a district court's denial of a motion to dismiss charges in an indictment and challenges to the constitutionality of a statute without deference. *United States v. McCray*, 7 F.4th 40, 45 (2d Cir. 2021).

We upheld the constitutionality of § 922(g)(1) against a facial constitutional challenge in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), and recently confirmed that *Bogle* remains good law after *Bruen*. *See Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025). We explained in *Zherka* that "before, during, and shortly after the Founding, legislative bodies regulated firearms by prohibiting their possession by categories of persons perceived to be dangerous." *Id.* at 88.[2] These were considered lawful regulations. *Id.* This historical practice persisted after the adoption of the Fourteenth Amendment. *Id.* at 88–89. For these reasons, we held that Congress has "a legislative power, consistent with the Second Amendment,

---

[2] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

to disarm categories of persons presumed to be dangerous," including felons like Buckley. *Id.* at 90.

Buckley's as-applied challenge is also foreclosed by *Zherka*. "Because history reveals a tradition of categorical legislative bans on firearms possession by classes of people perceived as dangerous, a prohibition directed at persons convicted of serious crimes is among the easiest classifications to justify." *Id.* at 93. People who have been convicted of all felony crimes, not just violent crimes, have violated the "basic terms of the social contract," so Congress could reasonably and constitutionally conclude that such people lack the "character of temperament necessary to be entrusted with a weapon." *Id.* at 94. For these reasons, the district court did not err in denying Buckley's motion to dismiss the indictment under § 922(g)(1).

Finally, Buckley acknowledges that *Zherka* is dispositive of this appeal. We decline his request to overturn it pursuant to the procedure described in *United States v. Peguero*, 34 F.4th 143, 158 n.9 (2d Cir. 2022).

\* \* \*

For the above reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4